91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony DAVIS, also known as Antonio Davis, also known as
Joe Wayne, also known as Earnest McCray, also
known as Anthony Johnson, also known as
Ant, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3718.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 18, 1996.*
Decided July 18, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Anthony Davis pleaded guilty to one count of engaging in a continuing criminal enterprise and two counts of money laundering, and he was sentenced to 180 months' imprisonment. In this motion under 28 U.S.C. § 2255, he argues that he was subjected to multiple punishments in violation of the Double Jeopardy Clause because he forfeited property to the government before he was imprisoned.
 
 
 2
 A voluntary plea of guilty, however, "waives all non-jurisdictional defenses including constitutional violations not logically inconsistent with the valid establishment of factual guilt." United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994). Double jeopardy arguments are no exception to the general rule. United States v. Broce, 488 U.S. 563, 569 (1989). Because he waived this double jeopardy argument by pleading guilty, Davis may only attack the voluntariness of that plea; his failure to do so means he is not entitled to collateral relief. Id. at 574. Moreover, Davis would also lose on the merits of his case, because civil forfeiture proceedings under § 881 are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause," United States v. Ursery, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)